IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1229-05






RONNIE BOYD BARNETT, Appellant



v.


 

THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


POLK COUNTY




 

 Hervey, J., delivered the opinion for a unanimous Court.

 


O P I N I O N 

 A jury convicted appellant of manslaughter, which is defined as a person recklessly causing
the death of another person. See Tex. Pen. Code, § 19.04(a). The evidence shows that appellant
and the victim were alone wading in a lake just off shore in water no more than three feet deep when
appellant struck the victim more than once in the head hard enough to render her unconscious. 
Appellant then left the victim alone in the water. When he returned a few minutes later, the victim
had drowned. The Court of Appeals decided that the evidence is legally and factually sufficient to
support a finding that appellant recklessly caused the victim's death. See Barnett v. State, No. 10-04-00228-CR, slip op. at 1-2 (Tex.App--Waco, delivered July 6, 2005) (not designated for publication).
We granted review. The ground upon which we granted review states:

 Whether the evidence was legally and factually sufficient to show that appellant was
guilty of anything more than criminal negligence.[ (1)]


 To establish that appellant acted with a reckless culpable mental state in this homicide
prosecution, the State was required to prove that appellant was aware of, but consciously
disregarded, a substantial and unjustifiable risk that the victim's death would result from his conduct:
striking her in the head hard enough to render her unconscious and then leaving her alone in a lake
long enough for her to drown. See Tex. Pen. Code, § 6.03(c) (defining recklessly); Graham v.
State, 657 S.W.2d 99, 101 (Tex.Cr.App. 1983) (consonant with all homicides, the required
culpability goes to the required result). The main difference between this and a criminally negligent
culpable mental state is that criminal negligence would have required the State to prove that
appellant failed to perceive this risk of death from this conduct. See Tello, 180 S.W.3d at 156 n. 5;
Nash v. State, 664 S.W.2d 343, 345 (Tex.Cr.App. 1984) (failure to perceive risk is element that
distinguishes criminal negligence from recklessness). (2)

 Whether a defendant in cases like this acts with a reckless culpable mental state is essentially
a jury determination which is reviewed on appeal for rationality. See Jackson v. Virginia, 443 U.S.
307, 319 (1979) (relevant question is whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt). Appellant seems to recognize as much when he
argues that appellate analysis of "cases of this type is inherently fact-intensive" and that "exhaustive
citation analysis is of marginal benefit" because "of the almost infinite variety of fact patterns." We
find that a jury could rationally find that appellant was aware of, but consciously disregarded, a
substantial and unjustifiable risk of death from his conduct.

 Appellant claims that the evidence is "simply deficient" to show that he disregarded a known
risk of death and that "the State's case established at most that [he] was negligent in not realizing
a risk of harm, not that he knew of the danger of the [victim] drowning and consciously disregarded
that danger." He argues that only if (1) the victim "had in fact been knocked unconscious," and (2)
he "knew she was unconscious when he left her" would there have been any appreciable risk of
drowning in waist-deep water.

 But, viewed in the light most favorable to the jury's verdict, (3) the evidence does support
findings that the victim "had in fact been knocked unconscious" and that appellant "knew she was
unconscious" when he left her in waist-deep water. The State presented evidence that the victim had
facial injuries that she did not have when she went into the water with appellant. The medical
examiner testified that the blows that caused these injuries were sufficient to cause the victim to lose
consciousness and to fall face down into the water. In fact, the medical examiner specifically stated
that, had the victim "been stunned or disoriented from the blow, I think she would have recognized
where she was and tried to get on her feet again. It was very shallow water." The medical examiner
also stated, "I think she was unconscious at the-whenever she went underwater [sic]." We also
decide that a jury could rationally find that appellant was aware of and consciously disregarded the
risk that leaving the unconscious victim face down in a lake would result in her death.

 The judgment of the Court of Appeals is affirmed.


 Hervey, J.

 

Delivered: October 11, 2006

Do Not Publish

 
1. This Court does not review the factual sufficiency of the evidence to support a verdict. See
Tello v. State, 180 S.W.3d 150, 151 (Tex.Cr.App. 2005). We, therefore, dismiss this portion of
appellant's ground for review and address only the legal sufficiency claim. See id.
2. Section 6.03(c), which defines recklessness, also states that the "risk must be of such a nature
and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary
person would exercise under all the circumstances as viewed from the actor's standpoint." Tex.
Pen. Code, § 6.03(d), which defines criminal negligence, states that the "risk must be of such a
nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care
that an ordinary person would exercise under all the circumstances as viewed from the actor's
standpoint." Appellant makes no claim that any disregard of, or failure to perceive, a risk (of death)
in this case is not "a gross deviation from the standard of care." 
3. See Jackson, 443 U.S. at 319.